KLEIN, J.
We withdraw our previous opinion filed on July 12, 2006 and replace it with this opinion.
Appellant plaintiff was injured by a drunk driver and sued the bar where he had consumed alcohol before causing the accident. The trial court granted the bar’s motion for summary judgment, but we reverse.
Around 1:00 p.m. on April 21, 2000, James Centlivre drove his car onto the sidewalk and injured plaintiff. Two blood samples showed blood alcohol levels of .31 and .30, more than three times the legal limit for intoxication. Plaintiff sued the bar where Centlivre had started drinking at 9:00 a.m. that morning, alleging a violation of section 768.125, Florida Statutes (2000), which provides:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury ..., except that a person who willfully ... sells or furnishes alcoholic beverages to a person ... habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such ... person.
Plaintiffs complaint alleged that the bar employees knew that Centlivre was an alcoholic and had served him drinks that morning despite having that knowledge.
Centlivre testified in his deposition that he drank alcoholic beverages at this bar once or twice a week for nine years prior to the accident, and the bartender testified that on the day of the accident he had served Centlivre an ice tea sized glass of scotch around 9:00 a.m. Centlivre also testified that he left the bar around two hours later, at 11:00 a.m., and drove to the Riverside Hotel, fifteen minutes away, where *787 the hotel refused to sell him more alcoholic beverages because of his intoxicated state. The plaintiff argues that if the Riverside Hotel had refused to serve him fifteen minutes after he left the Ocean Grille, the employees at the Ocean Grille must have known Centlivre was intoxicated too.
In Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042 (Fla.1991), our supreme court stated that proof that a bar served an individual a substantial amount of alcohol on multiple occasions would be evidence from which a jury could determine that the vendor had sufficient knowledge to have violated section 768.125. See also Sabo v. Shamrock Commc’n, Inc., 566 So.2d 267 (Fla. 5th DCA 1990). Under these cases there were issues of fact as to the violation of the statute which precluded a summary judgment.

Reversed.

WARNER and GROSS, JJ., concur.